IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS
_____ DIVISION

FILED
2015 OCT 15 P 2: 12
MARY PANKEY, CIRCUIT CLERK
BY_____ DEPUTY

STATE FARM FIRE AND CASUALTY COMPANY           PLAINTIFF
a/s/o MARY C. BURNETT

VS.                 NO. 46CV-15-269-1

WHIRLPOOL CORPORATION                          DEFENDANT

### COMPLAINT

Comes now the Plaintiff State Farm and Casualty Company ("State Farm") a/s/o Mary C. Burnett, and for their cause of action, state:

### PARTIES AND JURISDICTION

1. State Farm is an insurance company, duly licensed and authorized to conduct a property and casualty business within the state of Arkansas.

2. The Defendant Whirlpool Corporation (hereinafter "Defendant") is a corporation organized under the laws of the state of Texas, with its principal place of business located at 2000 North M-63, in Benton Harbor, Michigan, and its registered address of 327 Hillsborough Street, Raleigh, North Carolina 27603-1725.

3. Defendant is a manufacturer, distributor, and seller of appliances and other consumer goods, including dishwashers.

4. Defendant's appliances and consumer goods are distributed and sold throughout Arkansas.

5. All material facts alleged herein occurred within Miller County, Arkansas. Based on the foregoing information, venue is proper and this court has jurisdiction over this matter.

## GENERAL ALLEGATIONS

6. At all times material herein, Plaintiff had in effect a policy of property and casualty insurance with Mary C. Burnett, covering certain real and personal property located at 2508 Hays Avenue, Texarkana, Arkansas (hereinafter "the Home").

7. On or about January 18, 2013, a fire occurred at Ms. Burnett's home, damaging her property. The fire originated in the Whirlpool dishwasher

8. The fire was caused by the failure of one or more components that were original to the appliance at issue, to perform their expected and intended function safely.

9. According to the terms of the policy of insurance issued to Ms. Burnett, Plaintiff compensated her for the damages to the Home.

## COUNT I: STRICT PRODUCT LIABILITY

10. The foregoing paragraphs are incorporated by reference as if fully restated herein.

11. Defendant is a manufacturer of appliances and consumer goods, including the appliance at issue in this action and is subject to strict liability for damages resulting from defects in those products.

12. The appliance at issue was in a defective and unreasonably dangerous condition when manufactured, distributed, and sold by Defendant because of the following:

a. Defects and/or faults in the design of the appliance at issue, which caused such appliance to be unable to withstand its intended and foreseeable use;

b. Defects and/or faults deriving from the manufacture, production, and assembly of the appliance at issue, which caused such appliance to deviate from the specifications of Defendant;

c. Defects and/or faults in the instructions, labels, and warnings associated with the appliance at issue, which failed to provide sufficient instructions for safe use of such appliance, and failed to allow the consumer to avoid the damages resulting from unsafe uses;

d. Defects and/or faults in the inspection and testing of the appliance at issue, which allowed faults and/or flaws in the component parts of such appliance to go undetected;

e. Supplying the dishwasher with defects in the internal wiring of the dishwasher, specifically in the right center of the appliance

13. The unreasonably dangerous condition of the appliance at issue was the legal and proximate cause of the malfunction of the appliance at the Home, and for which Plaintiff compensated the Member pursuant to the terms of its policy of insurance.

## COUNT II: NEGLIGENCE

14. The foregoing paragraphs are incorporated by reference as if fully restated herein.

15. Defendant is a manufacturer of products, including the appliance at issue in this action, and owed a duty of care to Ms. Burnett as a consumer and foreseeable user of its products, to manufacture products that are free from defects and fit for their intended purpose.

16. Defendant breached this duty by failing to exercise reasonable care in the design, manufacture, inspection, and testing of the appliance at issue, including but not limited to:

   a. Failing to exercise reasonable care in the design of the appliance at issue;

   b. Failing to exercise reasonable care in the selection of component parts for the appliance at issue;

   c. Failing to exercise reasonable care in the testing and inspection of component parts for the appliance at issue;

   d. Failing to exercise reasonable care in the assembly of the appliance at issue;

   e. Failing to exercise reasonable care in the testing and inspection of the completed appliance at issue;

   f. Failing to exercise reasonable care in the drafting and designing of on-product warnings and labels for the appliance at issue;

   g. Failing to exercise reasonable care in the drafting and designing of manuals and written instructions for the appliance at issue; and

   h. Failing to exercise reasonable care in the distribution and transport of the appliance at issue;

   i. Failing to provide a dishwasher that would not cause a fire when operated in the manner it would reasonably be anticipated.

17. These breaches of duty were the legal and proximate cause of the malfunction of the appliance at the Home, and for which Plaintiff compensated the Member pursuant to the terms of its policy of insurance.

## PRAYER FOR RELIEF

18. The foregoing paragraphs are incorporated by reference as if fully restated herein.

19. Due to the damages incurred, Ms. Burnett suffered damages to the property in the Home, in the amount of $83,129.66. Plaintiff seeks recovery from the Defendant for these damages.

WHEREFORE, the Plaintiff prays for judgment against Defendant, for costs and attorney's fees; and for all other relief as the Court deems just and equitable.

Respectfully submitted,

Harvey Harris, Bar #03026
HARRIS LAW FIRM
One Riverfront Place – Suite 413
N. Little Rock, AR 72114
501-604-4517
FAX – 501-325-2220
Attorney for Plaintiff